633 S.E.2d 720

**In the Matter of Kenneth Ray MARTIN, Respondent.**

**No. 26191.**

Supreme Court of South Carolina.

Submitted June 26, 2006.
Decided July 24, 2006.

Henry B. Richardson, Jr., Disciplinary Counsel, and Michael J. Virzi, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Jason B. Buffkin, of West Columbia, for respondent.

PER CURIAM:

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR,

in which respondent admits misconduct and agrees to reinstatement of the Deferred Disciplinary Agreement under a renewed schedule, an admonition, or a public reprimand. We accept the Agreement and issue a public reprimand. The facts, as set forth in the Agreement, are as follows.

## FACTS

### Matter I

Since his admission to the practice of law in 1999, respondent has been a sole practitioner. In January 2002, Client A retained respondent to represent her in a claim to recover money and property from a former boyfriend. During the representation, respondent failed to ensure that his office had a system for accurate recordation and retention of incoming telephone messages and he lost documents related to Client A's case.

Respondent admits that, from January through June 2002, his only action on behalf of Client A was the preparation of one demand letter; he concedes, however, that he has no proof that he actually prepared the letter. Respondent further admits he knowingly failed to respond to Client A's inquires regarding the status of her case.

In July 2002, respondent sent a letter to Client A informing her that he did not have time to handle her case. He returned all fees paid by Client A and advised her regarding the statute of limitations.

During its investigation of this matter, respondent knowingly failed to respond to two separate telephone messages from ODC, but otherwise fully cooperated with ODC's investigation into this matter.

### Matter II

On August 27, 2004, respondent entered into a Deferred Disciplinary Agreement in resolution of the grievance discussed above. Respondent agreed as follows: 1) to retain the services of a law office management advisor approved by ODC

within fifteen days; 2) to file with ODC an initial report by the advisor within sixty days; and 3) that failure to comply with the terms of the agreement would constitute misconduct. An Investigative Panel of the Commission on Lawyer Conduct accepted the Deferred Disciplinary Agreement and, by letter dated September 30, 2004, ODC notified respondent that the deadlines in the agreement would be measured from September 30, 2004.

Respondent did not meet the deadlines for hiring a law office management advisor and filing a report with ODC. Respondent states he had spoken with an advisor and that his failure to hire the advisor was due to his inability to pay the fee. Respondent made no attempt to contact ODC to request an extension of time or otherwise discuss the matter until contacted by ODC several months later.

The deferment contained in the Deferred Disciplinary Agreement was subsequently revoked and the grievance re-opened. Nevertheless, respondent represents that, on his own initiative, he hired a law office management advisor who completed a review of his office procedures and that he has implemented the advisor's recommendations.

### Matter III

In May 2004, respondent was retained by Client B for purposes of a warranty matter. At the time, respondent told Client B he hoped the matter would be resolved in six months. Respondent sent a letter to the defendant in May 2004.

Client B alleges he contacted respondent in October 2004, at which time respondent assured him he would call the following Monday and brief him on the status of the warranty matter. Despite the promise, respondent failed to contact Client B during the remainder of 2004.

On April 12, 2005, Client B contacted respondent. Respondent informed him that his warranty had expired in January 2005 but that respondent had preserved his claim prior to that date. Respondent failed to provide Client B with any documents or other evidence of claim preservation.

Respondent represents Client B's claim is preserved and he continues to represent Client B in this matter.

## LAW

Respondent admits that, by his misconduct, he has violated the Rules of Professional Conduct, Rule 407, SCACR, particularly Rule 1.1 (lawyer shall provide competent representation), Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (lawyer shall keep client reasonably informed about status of a matter and promptly comply with reasonable requests for information); and Rule 8.4(a) (it is professional misconduct for lawyer to violate the Rules of Professional Conduct). Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate the Rules of Professional Conduct) and Rule 7(a)(9) (it shall be ground for discipline for lawyer to willfully fail to comply with the terms of a finally accepted deferred disciplinary agreement).

## CONCLUSION

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.